## ATLANTIC MUTUAL FIRE INSURANCE COMPANY *vs.* MATTHEW FITZPATRICK.

Objections to the competency of interrogatories and answers in a deposition may be first made at the trial, where the deposition is taken in an another state, pursuant to an agreement of the parties that it may be taken, in answer to the interrogatories and cross interrogatories annexed to the agreement, before a certain magistrate.

A mutual fire insurance company, in an action brought by them against one of their members, to recover assessments on a deposit note, are bound to prove not only the making of the assessments, but that they were made pursuant to their act of incorporation and by-laws.

ACTION OF CONTRACT, brought by a mutual fire insurance company, established by the laws of New Hampshire, to recover assessments laid by them on a deposit note, whereby the defendant promised " to pay the said company, or their treasurer for the time being, the sum of twenty two dollars, in such portions, and at such time or times, as the director of said company may, agreeably to their act of incorporation and by-laws, require."

At the trial in the court of common pleas, before *Perkins*, J. the plaintiffs gave in evidence the deposition of William P. Moulton, their secretary, taken at Exeter in the county of Rockingham and State of New Hampshire, pursuant to a written agreement between the parties that the deposition of Moulton might " be taken, in answer to the interrogatories and cross interrogatories hereto annexed, by Hon. John S. Wells, or any other justice of the peace in said county of Rockingham." One of the direct interrogatories, annexed to this agreement, was the following : " State whether at any time the directors of said company, agreeably to their act of incorporation, requested the defendant to pay a portion of his said note. If yea, state when, how many times, and how much each time." To this the witness answered that the directors had, agreeably to their act of incorporation, required the defendant to pay a portion of his said note, at four different times ; and specified the dates and amounts of the four assessments. The defendant, at the trial, objected to this interrogatory and answer, as an attempt to prove by oral evidence the contents of written papers and documents   The plaintiffs contended that by the agreement

annexed to the interrogatories the defendant had waived the right to object to this interrogatory, which required only a direct answer in the affirmative or negative, or to the simply affirmative answer which was made. But the judge sustained the objection, and excluded the interrogatory and answer.

The plaintiffs asked the judge to rule that if the jury were satisfied, from the evidence in the case, that the directors of the company made the assessments to pay the losses and expenses of the company, the assessments were to be presumed to have been made agreeably to their act of incorporation and by-laws ; and that such assessments were *prima facie* good and binding, " unless the defendant should prove that said act of incorporation and by-laws contained some provisions relating to the manner of making assessments, or that said provisions showed that said assessments were not made according to said act of incorporation and by-laws." But the judge declined to rule as requested, and ruled " that the plaintiffs must, in addition to proving said assessments to have been made, prove affirmatively that said assessments were made according to the plaintiffs' act of incorporation and by-laws."

The jury returned a verdict for the defendant, on the ground that the assessments were not proved to have been made according to the plaintiffs' act of incorporation and by-laws. The plaintiffs alleged exceptions to the rulings of the judge.

*B. Dean,* for the plaintiffs.

*B. F. Butler,* for the defendant.

By THE COURT. The exception to the rejection of the interrogatory and answer in the deposition of Moulton cannot be sustained. According to the uniform practice in this commonwealth, objections to the form of interrogatories must be made before the commission issues ; but objections to the competency of the witness, or to the admissibility of his answers, may be first made at the trial. *Potter* v. *Tyler,* 2 Met. 64. *Talbot* v. *Clark,* 8 Pick. 56. The agreement of parties, pursuant to which the deposition was taken, operated only as a substitute for a commission to the magistrate named therein, and as a waiver of objections to the interrogatories in point of form ; and did not deprive either party of the right to object, at the

trial, to the interrogatories and answers, as proving facts by incompetent evidence.

The plaintiffs, in order to maintain this action, were bound to show that legal assessments had been made by the directors, and for this purpose to produce proper evidence of their act of incorporation and by-laws, so that it might appear that their provisions had been substantially complied with, in making the assessments. It was not enough, as was proposed, to show actual assessments, leaving the defendant to prove that they were not in accordance with the act of incorporation and by-laws. The fact, that the defendant was a member of the corporation, does not vary this rule. In this suit, he was an adversary party. *Exceptions overruled.*